UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MARTINEZ, ) | Case No. CV 07-0400-JTL |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

**PROCEEDINGS**

On April 12, 2007, Brenda Martinez ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her applications for Disability Insurance Benefits and Supplemental Security Income benefits. On May 11, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On May 18, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on October 18, 2007, defendant filed an Answer to the Complaint. On December 27, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On January 30, 2003, plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income benefits alleging a disability onset date of February 18, 2002. (Administrative Record ["AR"] at 116-18; 418-21). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 49-52; 54-58; 422; 423). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 59).

On April 6, 2004, the ALJ conducted a hearing in San Bernardino, California. (See AR at 479-93). Plaintiff appeared at the hearing with counsel and testified. On June 16, 2004, the ALJ issued his decision denying benefits to plaintiff. (AR at 30-37). In his decision, the ALJ concluded that even if plaintiff did have a mental impairment, plaintiff would not be entitled to benefits due to the materiality of her drug and alcohol abuse. (AR at 36). The Appeals Council granted plaintiff's timely request for review of the ALJ's decision and subsequently issued an order remanding the case to the ALJ. (AR at 85-89).

The ALJ conducted a second hearing in San Bernardino, California on June 21, 2005. (See AR at 455-78). Plaintiff appeared at the hearing with counsel and testified. Joseph Malancharovil, Ph.D., a medical expert, and Stephen Black, a vocational expert, also testified at the hearing. Based on the testimony at the hearing, the ALJ ordered further psychological evaluation of plaintiff and continued the matter. (AR at 477-78).

A supplemental ALJ hearing was held in San Bernardino, California on January 3, 2006. (See AR at 424-54). Plaintiff appeared at the hearing with counsel and testified. In addition, Dr. Malancharuvi appeared telephonically and testified at the hearing and Corinne Porter, a vocational expert, appeared and testified at the hearing.

On April 3, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 15-24). The ALJ found that plaintiff suffered from the following severe impairments: organic brain dysfunction, personality disorder and a history of substance abuse in remission. (AR at 17). The ALJ gave weight to the testimony of the vocational expert and found that plaintiff was capable of performing all of her past relevant work. (AR at 24). Thus, the ALJ concluded that

plaintiff was not disabled, as defined in the Social Security Act, from February 18, 2002 to April 3, 2006, the date of the decision. (AR at 24).

The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 7-9). Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the opinion of Inderjit Seehrai, M.D., plaintiff's treating psychiatrist, regarding plaintiff's functional limitations.

2. The ALJ failed to properly consider the Global Assessment of Functioning score assessed by Imelda Alfonso, M.D., plaintiff's treating psychiatrist.

3. The ALJ failed to properly consider the clinical assessment completed by Donna Clark, M.S., plaintiff's treating clinician.

4. The ALJ failed to pose a complete hypothetical to the vocational expert at the January 3, 2006 ALJ hearing.

5. The ALJ failed to make the necessary factual findings to support the conclusion that plaintiff retains the ability to perform her past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational

interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

# DISCUSSION

## A.     The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Inderjit Seehrai, M.D.**

Plaintiff argues that the ALJ improperly disregarded the opinion of her treating physician, Inderjit Seehrai, M.D. The record contains numerous records documenting the treatment plaintiff received from Dr. Seehrai's from 2002-2004, including a Work Capacity Evaluation (Mental) form that Dr. Seehrai completed on November 12, 2003. (AR at 375-76). In that form, Dr. Seehrai indicated that plaintiff had "marked" limitations in six areas,[1] "moderate" limitations in six areas,[2] and a "slight" limitation[3] in her ability to ask simple questions or request assistance. (Id.). However, the ALJ chose to rely on the opinion of Joseph Malancharuvil, Ph.D., the medical expert who reviewed plaintiff's medical records and testified at both the June 21, 2005 and January 3, 2006 ALJ hearings. (AR at 21-23). Based on his review of plaintiff's records and her testimony at the hearing, Dr. Malancharuvil opined that, absent her drug usage, plaintiff had no limitations in her activities of daily living, mild limitations in social functioning, mild to moderate limitations in concentration, persistence and pace, and could perform moderately complex tasks in a habituated setting with no demands for emotionally-charged intense interaction with the public, and that she should avoid performing safety operations. (AR at 431-32).

---

[1] "Marked" is defined as "[a] serious limitation in this area. The ability to function in this area is severely limited but not precluded." (AR at 375). Dr. Seehrai indicated that plaintiff had marked limitations in six areas: (1) the ability to maintain attention and concentration for extended periods; (2) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (3) the ability to sustain an ordinary routine without special supervision; (4) the ability to work in coordination with or in proximity to others without being distracted by them; (5) the ability to make simple work-related decisions; and (6) the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (AR at 375-76).

[2] "Moderate" is defined as "[m]ore than slight but less than marked." (AR at 375). Dr. Seehrai indicated that plaintiff had moderate limitations in six areas: (1) the ability to understand and remember very short and simple instructions; (2) the ability to carry out very short and simple instructions; (3) the ability to interest (sic) appropriately with the general public; (4) the ability to accept instructions and respond appropriately to criticism from supervisors; (5) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (6) the ability to set realistic goals or make plans independently of others. (AR at 375-76).

[3] "Slight" is defined as "[s]ome mild limitation in this area, but generally functions pretty well." (AR at 375).

In support of his decision to reject Dr. Seehrai's opinion regarding plaintiff's mental limitations, the ALJ stated that:

> I have considered and rejected the statement of disability in check list format dated November 12, 2003 and stamped with the name Indejit Seehrai, M.D. [AR at 375-76]. According to this statement [plaintiff] is markedly or moderately impaired in almost all sixteen areas that were considered. This statement is obviously a patient accommodation presented to the physician from [plaintiff's] attorney. It is not accompanied with a mental status examination or a rational[e] for the findings that are listed by the physician. It is not even certain that the stamped signature is the actual person who made the evaluation. According to this form [plaintiff] is not a malingerer. This form is inconsistent with the treatment notes and findings for [plaintiff] from the San Bernardino County Department of Behavioral Health as well as the consultative examiners as noted above.

(AR at 23).

Plaintiff argues that the reasons provided by the ALJ are insufficient to properly reject the opinion of Dr. Seehari's regarding plaintiff's mental residual functional capacity. (Joint Stipulation at 5-6). Defendant argues that the ALJ properly discredited Dr. Seehari's opinion and that Dr. Malancharuvil's opinion constitutes substantial evidence that was properly relied upon by the ALJ. (Joint Stipulation at 7). Defendant cites to Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) and notes that the opinion of a non-examining physician may serve as substantial evidence where the opinion is consistent with independent clinical findings or other evidence in the record. (Id.). Defendant also cites to the opinions of Linda Smith, M.D., a psychiatrist who performed a mental status examination of plaintiff and opined that plaintiff was not mentally impaired in her ability to work (AR at 259) and Clifford Taylor, Ph.D., a licensed

clinical psychologist who administered psychometric testing in September 2005 and opined that plaintiff's mental residual functional capacity was only mildly impaired (AR at 406-11) in support of the ALJ's decision to discredit Dr. Seehari's opinion. (Joint Stipulation at 8-9).

The medical opinion of a treating physician is entitled to special weight. 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (the opinions of treating physicians should be given more weight than the opinions of doctors who do not treat the claimant). If a treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, it will be given controlling weight. 20 C.F.R. § 404.1527. A finding that a treating physician's opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is not inconsistent with the other substantial evidence in the record, only means that the opinion is not entitled to controlling weight. SSR 96-2p[4] ("A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected."). The opinions rendered by treating physicians are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. SSR 96-2p; 20 C.F.R. § 404.1527(d)(2).

An ALJ may properly reject the opinion of an uncontroverted treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. An ALJ may properly disregard the controverted opinion of a treating physician only by setting forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

///

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

Here, the ALJ provided four reasons for rejecting Dr. Seehari's opinion. First, the ALJ stated that Dr. Seehari's opinion was "obviously a patient accommodation" without offering a factual basis for this conclusion. (See AR at 23). The ALJ's statement that Dr. Seehari's opinion was an obvious "patient accommodation" fails to meet the ALJ's burden of making findings and setting out a "detailed and thorough summary of the facts and conflicting clinical evidence" and stating his interpretation thereof. Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); see also Reddick, 157 F.3d at 725 (The ALJ "must do more than offer his conclusions."). Thus, it does not constitute a specific, legitimate reason to reject Dr. Seehari's opinion.

Second, the ALJ states that Dr. Seehari's statement is "not accompanied with a mental status examination or a rational[e] for the findings that are listed by the physician." (AR at 23). The ALJ has a duty to conduct an appropriate inquiry if the ALJ determines that it is necessary to know the basis of a treating physician's opinion. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of [the physician's] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."). The ALJ failed to meet his duty to develop the record to determine the basis for Dr. Seehari's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 1991) (ALJ has an independent duty to fully and fairly develop the record and assure that the plaintiff's interests are considered). Thus, the fact that Dr. Seehari's report did not include the basis of her opinions is insufficient to justify disregarding her opinion of plaintiff's mental functional limitations.

Third, the ALJ states that he is uncertain whether Dr. Seehari "is the actual person who made the evaluation." (AR at 23). The ALJ offers no basis for this statement, other than a reference to Dr. Seehari's use of a stamp instead of her actual signature. (Id.). The record contains numerous treatment notes containing Dr. Seehari's stamp (See AR at 334, 337-40, 344, 347-53, 367, 368, 370, 377-83, 386) and the report at issue here contains both the stamp and a signature. (AR at 376). Absent a detailed summary of the factual basis for this uncertainty, the ALJ's uncertainty regarding the identity of the person who prepared the

8

document is insufficient to properly reject her opinion as a treating physician. See Cotton, 799 F.2d at 1408. In addition, any uncertainty that existed regarding the identity of the person who prepared the document triggered the ALJ's duty to contact Dr. Seehari and further develop the record. See Tonapetyan, 242 F.3d at 1150. The ALJ failed to resolve any ambiguity that existed regarding the source of the evaluation and failed to meet his duty to develop the record to allow for proper evaluation of disability. See Smolen, 80 F.3d at 1288. Thus, the ALJ's uncertainty regarding the identity of the person who made the evaluation at issue is insufficient to justify disregarding Dr. Seehari's opinion of plaintiff's mental functional limitations.

Finally, the ALJ states that Dr. Seehari's opinion is inconsistent with the treatment notes and findings from the San Bernardino County Department of Behavioral Health and the consultative examiners discussed in the opinion. (AR at 23). As a treating physician, Dr. Seehari's opinion is entitled to weight. See Orn v. Astrue, 495 F.3d 625, 631-34 (9th Cir. 2007). As discussed above, in order to properly disregard the controverted opinion of Dr. Seehari, the ALJ must set forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) ("The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record." (internal quotation marks omitted)). The ALJ must set forth his own interpretations and explain why they, rather than the doctor's were correct. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, the ALJ fails to specify which portions of Dr. Seehari's opinion are inconsistent with the treatment notes from the San Bernardino County Department of Behavioral Health and the consultative examiners. Instead of providing the required detailed and thorough summary of the facts and conflicting clinical evidence, and stating his interpretation thereof, the ALJ only provided a conclusory sentence stating that Dr. Seehari's opinion is inconsistent with other opinions in the record. Thus, the ALJ's statement does not constitute a specific and legitimate

reasons for rejecting Dr. Seehari's opinion. See Reddick, 157 F.3d at 725 (The ALJ "must do more than offer his conclusions.").

While other evidence in the record may well constitute substantial evidence supporting the ALJ's disability determination, the ALJ must still provide specific and legitimate reasons for rejecting Dr. Seehari's opinion.

**C.     Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to provide specific and legitimate reasons to disregard the opinion of Dr. Seehari. On remand, the ALJ must fully explain the weight that he assigns to the opinion of Dr. Seehari. If the ALJ rejects Dr. Seehari's opinion, or the opinion of any other treating physician, in favor of the opinion of another physician, the ALJ must make detailed findings setting forth specific, legitimate reasons for doing so based on substantial evidence in the record.[5]

///
///
///
///
///

---

[5] In the Joint Stipulation, plaintiff also contends that the ALJ erred by failing to properly assess the opinion of Dr. Alfonso, plaintiff's treating psychiatrist; the opinion of Donna Clark, plaintiff's treating clinician; by presenting an incomplete hypothetical to the vocational expert; and by failing to make proper factual findings to support conclusion that plaintiff retained the ability to perform her past relevant work. As explained above, however, the ALJ's error in failing to properly consider Dr. Seehari's opinion constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 30, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE